UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARCUS T STRINGER #95301     CIVIL ACTION NO. 21-cv-3556

VERSUS     JUDGE ELIZABETH E. FOOTE

D WASHINGTON, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Marcus Stringer ("Plaintiff"), a self-represented inmate, filed this civil action against defendants that he had dealings with at the Caddo Correctional Center. The court reviewed the complaint and directed the marshal to make service on the defendants. Doc. 10. The marshal delivered the service papers to CCC for all defendants, including Nurse Hunter. All defendants except Hunter filed an answer. Counsel for the sheriff filed a motion for extension of time (Doc. 16) on behalf of Hunter. He stated that he had become aware that Hunter is an agency nurse rather than an employee of the sheriff, so she would require separate counsel. The court granted that extension of time, plus another, to allow Hunter time to obtain counsel.

Nurse Hunter, now identified as Lashondalon Robinson-Hunter, is now represented by counsel and has filed a Motion to Dismiss (Doc. 23) for insufficient and untimely service. Hunter's attorneys argue that the service papers delivered to CCC were not valid service because Hunter is not employed by the sheriff or domiciled at that address. They also argue that service is untimely because valid service has not been made within the 90 days allowed by Fed. R. Civ. Pro. 4(m).

Plaintiff is proceeding in forma pauperis and is incarcerated, so the court ordered that service be made by the marshal pursuant to Fed. R. Civ. Pro. 4(c)(3). Any delays in service are attributable to (1) the time the court takes to carefully screen prisoner complaints prior to ordering an answer, (2) the additional time that it takes for the busy and understaffed marshal to deliver service papers, and (3) the uncertainty about Hunter's counsel and the lack of her actual address. A plaintiff may not be penalized when a service delay is attributable to the court or marshal. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir.1996); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); Verrette v. Majors, 2008 WL 4793197, *2 (W.D. La. 2008).

Under the circumstances, the court finds good cause to extend the time for service for a reasonable period adequate to allow its completion. See Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013) (court may extend the Rule 4(m) period for good cause or based on its discretion). Good cause will almost always exist in such prisoner cases where the delay cannot be attributed to the prisoner. The deficiency in serving Hunter at CCC was based on a reasonable but apparently mistaken assumption that she was a CCC/sheriff employee. That fact also warrants additional time to allow the court and marshal to complete service.

For the reasons discussed above, **Hunter's Motion to Dismiss (Doc. 23)** is **denied**. Hunter is allowed until **October 31, 2022** to (1) waive service and file an answer or (2) file under seal a street address at which she will accept service during daytime hours, together with a telephone number so the marshal may contact her to coordinate service for the convenience of Hunter and the marshal. If she does not take either step by October 28, the

court will extend the service period for as long as it takes for (1) the prisoner plaintiff to obtain by discovery Hunter's home address or other address where she may be served or (2) the marshal to use his resources to track down Hunter and serve her wherever she may be located.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of October, 2022.

                                      Mark L. Hornsby
                                      U.S. Magistrate Judge