UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS T STRINGER #127238/513433 | CIVIL ACTION NO. 21-cv-3556 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| D WASHINGTON ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Marcus T. Stringer ("Plaintiff") is a self-represented inmate who was formerly housed at the Caddo Correctional Center ("CCC"). He filed this civil rights action against Deputy D. Washington, Deputy D. Small, Sgt. J. Williams, and Nurse Hunter. Before the court are a Motion for Summary Judgment (Doc. 34) by Nurse Hunter and a Motion for Summary Judgment (Doc. 28) by the other three defendants in which they all assert a defense of failure to exhaust administrative remedies. For the reasons that follow, it is recommended that the motions be granted and this action be dismissed without prejudice.

**Allegations**

Plaintiff alleged in his complaint that on September 25, 2021 he was asleep in his cell when Deputy Washington entered his cell to remove a chair. Plaintiff alleged that Washington, while in the cell, grabbed Plaintiff's "buttock and my middle part." Plaintiff apparently complained to Sgt. Williams, who he alleged said that video footage did not indicate any sign of sexual abuse. Nurse Hunter and Deputy Small allegedly said they did

not see or hear anything sexual. Plaintiff prayed for the court to release him from custody of CCC, pay him for his pain and suffering, and fire the defendants who were involved.

**The Exhaustion Defense**

### A. The Exhaustion Requirement

Plaintiff's complaint asserts claims based on 42 U.S.C. § 1983. Defendants argue that the complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on a provision in 42 U.S.C. § 1997e(a) that provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The statute is interpreted broadly to apply to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 122 S.Ct. 983 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006). "[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." Gonzalez v. Seal, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam).

### B. Summary Judgment Burden

Defendants move for summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies prior to filing this action. "Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir.

2010).  A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor."  Id.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and if a party demonstrates it is "entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(a).  "In evaluating a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party."  Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021).  "If the moving party meets its initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  Brantner v. Freestone Cnty. Sheriffs Off., 776 Fed. Appx. 829, 832 (5th Cir. 2019) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000).

**C. Analysis**

The form complaint filed by Plaintiff asked if there was a grievance procedure in his institution and whether he filed a grievance based on the facts that form the basis of his lawsuit.  Plaintiff checked boxes to indicate that (1) there was a grievance procedure at CCC and (2) he did not file a grievance.  He explained: "They keep my pin number blocked so I can't use the computer to do my A.R.P."

A grievance system is often called an administrative remedy procedure, and grievances are sometimes called ARPs. Defendants submit an affidavit from Deputy Mikeasha Anderson, who testifies that she is the grievance sergeant at CCC.  Anderson testifies that on September 25, 2021 CCC had an ARP system in place to redress grievances from inmates relating to all conditions of confinement, but there is "no record that inmate,

Marcus Stringer, filed an ARP concerning any incident which occurred on September 25, 2021."

In response to Plaintiff's allegation that he could not file a grievance because his PIN was blocked, Defendants offer affidavit testimony from Deputy Anderson and Deputy Nickie Mastrodomenico. Deputy Anderson testifies that CCC inmates have access to electronic tablets and kiosks that they can use to submit grievances and that Plaintiff has never "been blocked from the use of an electronic tablet or kiosk for filing such forms." The court is aware from other proceedings that inmates use a PIN to access the electronic system. Mastrodomenico testifies that Plaintiff "logged into a tablet or kiosk on October 12, 15, 16, 2021, and October 17, 2021 and logged into a tablet following these dates." Mastrodomenico adds that Plaintiff "was never blocked from facility forms (i.e., ARPs, grievances, KITES)."

Nurse Hunter submits excerpts from Plaintiff's deposition in which he was asked about the grievance process. Plaintiff testified that when he entered the jail grievances were filed on paper, but the jail later changed to a digital system. He testified that his PIN was blocked, which meant he could not get on the system "unless you speak with a deputy or sergeant that's on the shift and you ask them" to unblock the PIN. Plaintiff said that was what he did before, "but on that exact date, I didn't do that right then because my PIN number was blocked." He said that he filed a paper complaint or grievance on another occasion, and counsel asked why he did not file a paper grievance related to this September complaint. Plaintiff said it was because he was "still traumatized behind the situation."

The moving defendants have met their summary judgment burden with respect to the exhaustion defense.  Plaintiff was given ample opportunity to respond to the motion, but he filed nothing.  Accordingly, the summary judgment record shows that Plaintiff did not file a grievance and exhaust his available administrative remedies before he filed this civil action.

Plaintiff alleged in his complaint that he was thwarted from using the grievance system, but Defendants offer unchallenged evidence that Plaintiff was never blocked from accessing the electronic ARP system and that he successfully accessed a kiosk or tablet on several different days soon after the alleged incident.  Plaintiff's bare assertion in his complaint that he was unable to pursue a grievance is inadequate because "[a] court may not rely on mere factual allegations in an unverified complaint to make summary-judgment rulings."  Joseph on behalf of Est. of Joseph v. Bartlett, 981 F.3d 319, 334 (5th Cir. 2020).  The record also includes testimony from Plaintiff in which he admitted that he could request that his PIN be unblocked.  Plaintiff also indicated that he also could have filed a paper grievance but did not do so due to alleged trauma.  The summary judgment evidence shows that Plaintiff had access to an ARP system but failed to take advantage of it before he filed this suit.  Plaintiff testifies that he was too traumatized to file a paper grievance and inexplicably did not request that his PIN be unblocked, though he knew he could do so.  That testimony does not defeat the exhaustion defense because "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint."  Gonzalez, 702 F.3d at 788.

**Conclusion**

Defendants raised the exhaustion defense by motions for summary judgment. They met their burden of demonstrating by competent summary judgment evidence that Plaintiff did not exhaust his administrative remedies before he filed this suit. Plaintiff was given a reasonable opportunity to respond and attempt to create a genuine dispute of material fact, but he offered nothing. Defendants are entitled to dismissal without prejudice of all claims against them. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust … warrants dismissal without prejudice"). Nurse Hunter also filed another motion for summary judgment (Doc. 32) that attacked the merits of Plaintiff's claims. The court need not address that motion in light of the recommended resolution based on the exhaustion defense.

Accordingly,

It is recommended that the Motion for Summary Judgment (Doc. 34) by Nurse Hunter and Motion for Summary Judgment (Doc. 28) by Deputy D. Washington, Deputy D. Small, and Sgt. J. Williams be granted and that this civil action be dismissed without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of May, 2023.

*MJH*

Mark L. Hornsby
U.S. Magistrate Judge